IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| RYAN LEE HARTMAN, | ) |
| Plaintiff, | ) ) ) |
| v. | )  CASE NO. 1:24-CV-766-WKW |
| SAMSON MUNICIPAL COURTS, *et al.*, | ) [WO] ) ) ) |
| Defendants. | ) |

## **ORDER**

Plaintiff Ryan Lee Hartman filed a *pro se* complaint pursuant to 42 U.S.C. § 1983 (Doc. # 1) and simultaneously filed an application to proceed *in forma pauperis* (Doc. # 2). However, Plaintiff failed to submit an inmate account statement along with his application to proceed *in forma pauperis*. Accordingly, by Order dated December 13, 2024, Plaintiff was directed to file his inmate account statement ("December 13 Order"). (Doc. # 4.) The December 13 Order expressly cautioned Plaintiff that he must inform the court and Defendants (or Defendants' counsel) of any change of address and that a failure to do so would result in dismissal of this action. (*See* Doc. # 4 at 2.) After Plaintiff filed his inmate account statement (Doc. # 5), Plaintiff was granted leave to proceed *in forma pauperis* (Doc. # 6). Thereafter, by Order dated January 8, 2025, Plaintiff was directed to file an amended complaint

("Amend Order").  (Doc. # 7.)  In response, Plaintiff filed an amended complaint.  (Doc. # 8.)  For the reasons to follow, this action will be dismissed without prejudice.

First, upon review of Plaintiff's amended complaint, his state-court case records indicate that he was released from custody on March 20, 2025 after pleading guilty to the fraudulent use of credit/debit card.  *See State v. Hartman*, Case No. CC-2025-32.00 (Geneva Cnty. Cir. Ct. Mar. 20, 2025), Doc. Nos. 29, 31.  Because Plaintiff had failed to comply with the portion of the December 13 Order directing him to notify the court of a change of address, the court issued an Order dated October 27, 2025 ("Show-Cause Order"), directing Plaintiff to show cause as to why this action should not be dismissed for his failure to obey a court order (*i.e.*, inform the court and Defendants or Defendants' counsel of his release from jail).  (Doc. # 9.)

Second, the Show-Cause Order set a November 17, 2025 deadline for Plaintiff to respond and show cause as to why this action should not be dismissed.  (Doc. # 9.)  To date, Plaintiff has not responded to the Show-Cause Order.

Third and finally, Plaintiff's amended complaint fails to correct the pleading deficiencies identified in the Amend Order.  The Amend Order first provides the two elements that Plaintiff must allege to state a claim under 42 U.S.C. § 1983: "(1) a right secured by the Constitution or laws of the United States was violated and (2)

2

the violation was committed by a person acting under the color of state law." (Doc. # 7 at 1.) The Amend Order also states that Plaintiff

> names several defendants against whom he asserts vague and imprecise factual allegations and legal conclusions. . . . mak[ing] it difficult to discern the claims being presented and against whom each claim is made, why each factual allegation is legally significant, and how the alleged facts represent violations of Plaintiff's constitutional rights.

(Doc. # 7 at 2.) The Amend Order then provides Plaintiff with step-by-step instructions on how to amend his complaint. (Doc. # 7 at 2.) The only real difference between Plaintiff's original and amended complaints is his original complaint names Andy Tew of the Samson Police Department as a Defendant whereas his amended complaint does not. (*Compare* Doc. # 1 at 1, 2 *with* Doc. # 8 at 2–3.) Additionally, his amended complaint lists the rights he claims were violated by Defendants as "false imprisonment" and "intentional infliction of emotional distress." (Doc. # 8 at 3; *cf.* Doc. # 1 at 2–3 (alleging unlawful arrest and imprisonment, recklessness, negligence, and carelessness).) Overall, Plaintiff continues to assert "vague and imprecise factual allegations and legal conclusions" and thus has failed to correct the pleading deficiencies identified in the Amend Order.

A district court "may . . . dismiss a case under its inherent authority, which it possesses as a means of managing its own docket so as to achieve the orderly and expeditious disposition of cases." *McNair v. Johnson*, 143 F.4th 1301, 1306–07 (11th Cir. 2025) (cleaned up). The authority of courts to impose sanctions for failure

3

to comply with court orders and failure to prosecute is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure. *Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962); *see also Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (noting that "dismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion").

A court's dismissal under its inherent authority "can be either with or without prejudice to refiling." *McNair*, 143 F.4th at 1306. Dismissal with prejudice as a sanction "is warranted only upon a 'clear record of delay or willful contempt and a finding that lesser sanctions would not suffice.'" *Mingo v. Sugar Cane Growers Co-Op of Fla.*, 864 F.2d 101, 102 (11th Cir. 1989) (per curiam) (emphasis omitted) (quoting *Goforth v. Owens*, 766 F.2d 1533, 1535 (11th Cir. 1985)); *accord McNair*, 143 F.4th at 1306. "A dismissal *without* prejudice, by contrast, doesn't require a finding of willfulness or bad faith because its consequences are less severe." *McNair*, 143 F.4th at 1306.

Based on the foregoing, it is ORDERED that this action is DISMISSED without prejudice.

Final Judgment will be entered separately.

DONE this 2nd day of December, 2025.

                                          /s/ W. Keith Watkins
                                UNITED STATES DISTRICT JUDGE